IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00292-BNB

CLEOTIS GRISBY,

    Applicant,

v.

ROGER WERHOLTZ, Executive Director of Colorado Department of Corrections,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Cleotis Grisby, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the $5 filing fee.

On March 11, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On April 8, 2014, Respondent filed a Response. Applicant filed a Reply on May 6, 2014. Based on Applicant's Reply, Magistrate Judge Boland directed Respondent to file a Sur-Reply to Applicant's Reply and address his claim that he is challenging a parole board decision and is not required to exhaust any state court remedies. Respondent filed a Sur-Reply on May 30, 2014.

The Court must construe the Application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for failure to exhaust state court remedies.

Applicant asserts that he pled guilty to aggravated robbery, which involved the use of a simulated deadly weapon in the commission of a robbery, pursuant to Colo. Rev. Stat. § 18-4-301(d). Applicant asserts that aggravated robbery is a class 3 felony, under Colo. Rev. Stat. § 18-3-302(3), and he was sentenced to a twelve-year sentence, with a mandatory five-year parole sentence. Applicant further asserts that he was not convicted under the Crime of Violence statute, Colo. Rev. Stat. § 18-1.3-406, but Respondent is basing his parole eligibility date on a violent offender status in violation of his due process and equal protection rights. Applicant contends that he has exhausted his administrative remedies by exhausting the DOC administrative grievance process and by filing an action in the El Paso County District Court, *Grisby v. Werholtz*, 13cv1991, (Colo. R. Civ. P. 106(a)(2)), and a Colo. R. Crim. P. 35(c) postconviction motion in the Denver District Court, Case No. 08CR6101. Applicant concludes that no other remedies exist to exhaust.

An applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th

Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondent agrees that Applicant has filed a Rule 35 postconviction motion in the Denver District Court and a Rule 106 action in the El Paso District Court, but he contends that Applicant did not appeal the denial of the Rule 35 motion or the dismissal of the civil mandamus. As a result, Applicant has not exhausted state court remedies. In his Reply, Applicant argues that even though he filed a Rule 35(c) postconviction motion and a Rule 106 action, these are discretionary filings to resolve a parole board decision and pursuant to *Mahn v. Gunter*, 978 F.2d 599, 600 n.3 (10th Cir. 1992) (citing

*Schuemann v. Colo. State Bd. Of Adult Parole*, 624 F.2d 172, 173 (10th Cir. 1980); *see also Wildermuth v. Furlong*, 147 F.3d 1234, n.1 (10th Cir. 1998); *White v. People*, 866 P.2d 1371, 1373 (Colo. 1994), he may file a habeas action in the Court without first seeking review of the parole board's action at the state level.  Reply, ECF No. 14, at 2.

In the Sur-Reply, Respondent asserts that Applicant is not challenging a parole board decision because he is not parole eligible until April 21, 2016.  Sur-Reply, ECF No. 18 at 2 and Attach., ECF No. 18-1.  Respondent further asserts that Applicant is challenging his classification by the DOC as a violent offender and the calculation of his corresponding parole eligibility date and community corrections referral date.

Upon review of Applicant's offender profile provided by Respondent at Attachment One to the Sur-Reply, and by viewing the Colorado Department of Corrections website, http://www.doc.state.co.us/oss, the Court finds that Applicant has not been before the parole board for review and is challenging his inability to be considered for parole.  To the extent that Applicant may have a constitutional right to be considered for parole, he is required to exhaust his remedies before filing a habeas action in this Court.  Because Applicant does not disagree with Respondent that he failed to seek appellate review of either the Rule 35(c) motion or the Rule 106(a)(2) mandamus action, the Court finds that dismissal is proper for failure to exhaust state court remedies.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED June 10, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court